# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LARRY HACKETHAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV01398 ERW |
| | ) | |
| HARBOR FREIGHT TOOLS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Harbor Freight Tools USA, Inc.'s (Harbor Freight) Motion to Strike Allegations that it failed to Recall or Retrofit [ECF No. 5].

**I.  BACKGROUND**

Plaintiff's petition alleges damages from injuries suffered using an allegedly defective blow gun product manufactured by Defendant. [ECF No. 1-1]. Defendant moved to strike allegations in the petition Harbor Freight was negligent for failure to recall the product, and allegations that a failure to recall may be the basis of an award for punitive damages because no such duty exists under Missouri law. [ECF No. 5]. Specifically, Defendant wishes to strike paragraph 36(f) of Plaintiff's complaint, alleging Defendant was negligent for failure to recall the product, and paragraphs 83 and 86 for alleging a failure to recall may be the basis for punitive damages. [ECF No. 1 – 1, ¶¶ 36(f), 83, 86]. Plaintiff did not file a timely response to Defendant's motion, and upon the Court entering a show cause order why the pending motion should not be granted [ECF No. 13], Plaintiff's response conceded there is no common law duty to recall or retrofit, absent a mandated recall from a government agency, although Plaintiffs sought additional time to allow discovery on this issue. [ECF No. 14].

**II. Standard**

Under Federal Rule of Civil Procedure 12(f), a Court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12. However, motions to strike are generally disfavored and infrequently granted. *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977). Nonetheless, the resolution of a motion to strike is within the discretion of the district court. *Johnson v. Metro. Sewer Dist.*, 926 F. Supp. 874, 875 (E.D. Mo. 1996). A prayer for relief not available under the applicable law, or a prayer asserting a damage claim in excess of the maximum recovery, is properly subject to a motion to strike. *Johnson*, 926 F. Supp. At 875. However, the Court should "refrain from deciding new or close questions of law on a motion to strike to avoid the risk of offering an advisory opinion." *Airstructures Worldwide, Ltd. v. Air Structures Am. Techs., Inc.*, No. 4:09CV10 CDP, 2009 WL 792542, at *1 (E.D. Mo. Mar. 23, 2009) (*citing Lunsford*, 570 F.2d at 229-30).

**III. Discussion**

*A. Allegations of a Failure to Recall or Retrofit for a Claim of Negligence*

Defendant moves to strike allegations they were negligent because of a failure to recall or retrofit the product at issue, as no such duty exists under well-recognized Missouri Law. [ECF No. 5]. "Generally, under Missouri law, to establish a case of actionable negligence, plaintiff must demonstrate defendant owed a duty to the plaintiff, that the defendant breached the duty, through act or omission, and that plaintiff was thereby proximately injured." *Smith v. Firestone Tire & Rubber Co.*, 755 F.2d 129, 135 (8th Cir. 1985). Furthermore, the Court must determine a duty existed, and there is no common law duty to recall, under Missouri Law, absent a mandated recall by a government agency. *Horstmyer v. Black & Decker, (U.S.), Inc.*, 151 F.3d 765, 773–

74 (8th Cir.1998); *see*, *Efting v. Tokai Corp*, 75 F.Supp.2d 1006, 1010-11 (W.D. Mo. 1999) (where defendant was aware butane could escape from a lighter if the trigger were pulled while held in the off position, the Court held there was no duty to recall or retrofit lighters after it became aware of a defect). The Court finds there is no duty under Missouri Law to recall or retrofit, absent a mandated recall from a government agency, and Plaintiff concedes this in their response to the Court's show cause order. [ECF No. 14]. Plaintiff's petition does not assert any recall by a government agency, and therefore allegations asserting liability for failure to recall will be stricken, because a claim for relief is not available under the applicable law.

*B. Allegations of a Failure to Recall for the Basis for a Claim of Punitive Damages*

Defendant moves to strike allegations Plaintiff is entitled to an award of punitive damages because of Defendant's failure to recall or retrofit the product at issue, as no such duty exists under Missouri law. Defendant recognizes in *Letz v. Turbomecca Engine Corp.*, 975 S.W.2d 155, 170-3 (Mo. App. 1997), the Missouri Court of Appeals for the Western District discussed evidence of a failure to recall the product at issue, when discussing punitive damages determining cost savings evidence related to a failure to recall was directly related to aggravating circumstances evidence of plaintiff's death. Defendant provided the Court extensive case law showing there is no common law duty to recall or retrofit, in an attempt to show the Court, *Letz* is an outlier and does not represent the law. *Simon v. Select Comfort Retail Corp.*, No. 4:14-CV-1136 JAR, 2014 WL 5849243, at *3 (E.D. Mo. Nov. 12, 2014); *see also Horstmyer*, 151 F.3d at 774; *see also Efting*, 75 F. Supp. 2d at 1011. *Horstmyer* discusses *Letz*, but only discusses whether a failure to recall was a cause of action, and does not address if it is appropriate as a basis for punitive damages. *Horstmyer*, 151 F.3d at 773 n. 10. However, Defendant does not

present, nor can the Court find, case law since *Letz*, holding failure to recall or retrofit is not appropriate on the issue of punitive damages.

As previously stated, motions to strike are viewed with disfavor and infrequently granted. *Lunsford*, 570 F.2d at 229. Plaintiff can argue using *Letz*, a failure to recall may be a basis for a claim of punitive damages. These allegations are prayers for relief available at law, and Defendant attempts to argue a new or close point of law, neither of which is appropriate for a motion to strike. Therefore, the Court will deny Defendant's motion to strike with respect to allegations regarding a failure to recall or retrofit as the basis for punitive damages.

### IV. Conclusion

The Court's analysis of a motion to strike begins with the premise that motions to strike are disfavored. However, motions to strike are allowed where prayers for relief are not available at law. Plaintiff's allegations of negligence for a breach of duty for failing to recall or retrofit the product must be struck as there is no duty under Missouri or Federal Common Law to do so. However, Plaintiff's allegations of a failure to recall for the basis on a claim of punitive damages will not be dismissed at this stage of the case in view of the cited authority in support of such claim. As such, the Court will deny Defendant's Motion to Strike Plaintiff's allegations of a failure to recall for the basis for a claim of punitive damages.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Harbor Freight Inc.'s Motion to Strike Allegations that it failed to recall or retrofit is **GRANTED IN PART and DENIED IN Part.**

**IT IS FURTHER ORDERED** that Plaintiff's allegations Harbor Freight violated a duty by failing to recall or retrofit the product at issue, specifically ¶36(f), shall be stricken from the Plaintiff's petition.

**IT IS FURTHER ORDERED** that Plaintiff's allegations Harbor Freight is subject to punitive damages on the basis of a failure to recall or retrofit the product at issue, specifically ¶83, and ¶86 shall be **DENIED.**

Dated this <u>22nd </u>Day of February, 2016.

                                            E. RICHARD WEBBER
                                            SENIOR UNITED STATES DISTRICT JUDGE